IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Greeneville Division

| | |
|---|---|
| BRISTOL ANESTHESIA SERVICES, P.C., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-00017 |
| CARILION CLINIC MEDICARE RESOURCES, LLC, d/b/a MAJESTACARE, | ) |
| Defendant. | ) |

## MOTION IN LIMINE OBJECTING TO CERTAIN EXHIBITS

Pursuant to the Scheduling Order (ECF No. 30) entered in this case, as modified by subsequent Order (ECF No. 81), Plaintiff Bristol Anesthesia Services, P.C. ("Bristol Anesthesia"), by counsel, asks this Court to exclude from trial of this case the following exhibits which the Defendant Carilion Clinic Medicare Resources, LLC, d/b/a Majestacare ("Defendant") has indicated it will or may seek to introduce at trial:

Exhibits 7 and 36 – This exhibit, an unsigned purported agreement between Bristol Anesthesia and the Virginia Department of Medical Assistance Services ("DMAS"), is included twice on Defendant's witness list. It should be excluded from trial of this case because Bristol Anesthesia never signed it, and no evidence shows that Bristol Anesthesia otherwise agreed to its terms, and the purported agreement is not binding upon Bristol Anesthesia. *See Tampone v. Richmond*, No. 10-11776, 2013 WL 118431 at *5-6 (E.D. Mich. Jan. 9, 2013) (excluding unsigned agreement from evidence). Furthermore, Defendant is not a party (or a signatory) to the purported agreement. In sum, the purported agreement has no bearing on the dispute between Bristol Anesthesia and Defendant, and even if it did, it would still not be admissible because it does not bind Bristol Anesthesia with respect to Defendant.

Exhibit 13 – This exhibit, a listing of rates that Defendant agreed to pay other anesthesia providers to whom Defendant offered written provider contracts, should be excluded from trial of this case. As to Bristol Anesthesia's breach of contract claim, what Defendant now says it agreed to pay other providers is irrelevant to what it agreed to pay Bristol Anesthesia, as it says nothing at all about the course of dealing between the parties to this lawsuit. *See* Fed. R. Evid. 402. As to Bristol Anesthesia's *quantum meruit* claim, Defendant should not be allowed to introduce "low ball" evidence of reasonable value based on the written contracts it offered other providers, when the undisputed evidence is that Defendant never offered Bristol Anesthesia any sort of written contract. For purposes of *quantum meruit*, the "'reasonable value [of medical services] is to be determined by considering the [provider's] internal factors as well as the similar charges of other [providers] in the community.'" *Doe v. HCA Health Servs. of Tennessee, Inc.*, 46 S.E.3d 191, 198-99 (Tenn. 2001). Evidence of discounted rates paid by specific classes of patients, including Medicare or Medicaid insureds, pursuant to written contracts is not probative of the reasonable value of those services for purposes of *quantum meruit*. *See Eufala Hosp. Corp. v. Lawrence*, 32 So.3d 30, 45-46 (Ala. 2009).

Exhibits 14 and 29 – This exhibit, a list of the amounts Defendant claims it overpaid Bristol Anesthesia and many other anesthesia providers, is included twice on Defendant's witness list. It should be excluded from trial of this case because what Defendant now claims it overpaid other anesthesia providers is irrelevant to what it was supposed to pay Bristol Anesthesia, what it did pay Bristol Anesthesia, and the propriety of its attempts to recoup payments made to Bristol Anesthesia, which are the issues relevant to resolution of this case. *See* Fed. R. Evid. 402.

Exhibit 35 – This exhibit, an emailed freedom of information act ("FOIA") request from Defendant's president to DMAS, and DMAS' public information officer's emailed response to her (without any responsive documents), should be excluded from trial of this matter, as it is not relevant to any dispute between the parties to this case. It only evidences Defendant's February 2015 attempt to obtain any written agreements between DMAS and Bristol Anesthesia, apparently since Defendant had not entered into with Bristol Anesthesia, or even offered Bristol Anesthesia, a written contract before or during the 2012-2014 time period in which Bristol Anesthesia provided services to Defendant's insured members. The FOIA request and the response are both out-of-court statements, and are thus inadmissible hearsay. Fed. R. Evid. 801(c) and 802. No exception applies to permit their admission.

> Respectfully submitted,
> **BRISTOL ANESTHESIA SERVICES, P.C.**

By Counsel:

/s/ R. Lucas Hobbs
R. Lucas Hobbs
BOPR No. 024246
ELLIOTT LAWSON & MINOR, P.C.
110 Piedmont Avenue, Suite 300
Bristol, Virginia 24201
Phone: 276-466-8400
Fax: 276-466-8161
lhobbs@elliottlawson.com

*Counsel for Bristol Anesthesia Services, P.C.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2017, a true and accurate copy of the foregoing was served by CM/ECF on the following:

>John E.B. Gerth (Tenn. BPR 024439)
>Waller Lansden Dortch & Davis, LLP
>511 Union Street, Suite 2700
>Nashville, Tennessee 37219
>Telephone: (615) 244-6380
>Facsimile: (615) 244-6804
>jeb.gerth@wallerlaw.com
>*Counsel for Carilion Clinic Medicare Resources, LLC,*
>*d/b/a MajestaCare*

>>By Counsel:

>>/s/ R. Lucas Hobbs
>>R. Lucas Hobbs
>>BOPR No. 024246
>>ELLIOTT LAWSON & MINOR, P.C.
>>110 Piedmont Avenue, Suite 300
>>Bristol, Virginia 24201
>>Phone: 276-466-8400
>>Fax: 276-466-8161
>>lhobbs@elliottlawson.com

>>*Counsel for Bristol Anesthesia Services, P.C.*

4