UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRISTOL ANESTHESIA SERVICES, P.C., )
      Plaintiff, )
 )
v. ) No. 2:15-CV-17
 )
CARILION CLINIC MEDICARE RESOURCES, )
LLC, d/b/a MAJESTACARE, )
      Defendant. )

MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Bristol Anesthesia Services, P.C.'s ("Bristol Anesthesia" or "plaintiff") motion to amend the judgment to award prejudgment interest, [Doc. 148], and motion for attorneys' fees, [Doc. 149]. The defendant, Carilion Clinic Medicare Resources, LLC, d/b/a MajestaCare ("MajestaCare" or "defendant") filed one document to respond to both motions, [Doc. 152]. Bristol Anesthesia replied. [Docs. 153, 154]. Both motions are now ripe for disposition, and will be considered in turn below.

**I.    BACKGROUND**

Following a bench trial in this matter, the Court found that Bristol Anesthesia was entitled to the amount MajestaCare allowed for payment between the dates of July 9, 2012 and August 26, 2013 under an implied-in-fact contract theory. [Doc. 144 at 12]. After claims readjudication, for the time period of August 27, 2013 through November 26, 2014, the Court found that Bristol Anesthesia was entitled to the DMAS fee schedule rate of $12.84 per unit of anesthesia services billed under a theory of *quantum meruit*. [*Id.* at 22]. The parties submitted their calculations for the amount owed for *quantum meruit* damages. [Doc. 142]. The Court's final judgment entered on March 30, 2018, finding that Bristol Anesthesia is entitled to $115,385.51, which was the

amount approved for payment by MajestaCare between July 9, 2012 and August 26, 2013. [Doc. 146]. All but $847.15 of that amount was paid to Bristol Anesthesia during that time period. [*Defendant's Trial Exhibit 62*]. The judgment also found that because MajestaCare wrongfully recouped and withheld payments from Bristol Anesthesia following its readjudication of claims, Bristol Anesthesia is entitled to $34,834.92 in *quantum meruit* damages. [Doc. 146]. Bristol Anesthesia now seeks prejudgment interest, [Doc. 148], and attorneys' fees. [Doc. 149].

## II. ANALYSIS

As an initial matter, Bristol Anesthesia argued in both motions that because MajestaCare's contract with Virginia Department of Medical Assistance Services ("DMAS") was governed by Virginia law, such law also governs in the award of prejudgment interest and attorneys' fees. [Docs. 148, 149]. In its response, MajestaCare argues that Bristol Anesthesia "previously expressly *disclaimed* that the Virginia statutory authority it now cites post-judgment had *any* applicability in this case. …'" [Doc. 152, quoting Doc. 61 at 10]. Therefore, MajestaCare argues, Bristol Anesthesia is estopped from raising its claims under Virginia law.

Bristol Anesthesia, as MajestaCare points out, previously argued the following: "… Tennessee law — not Virginia law — governs this dispute, which involved services provided solely in Tennessee by a provider based in Tennessee and payments directed to that provider in Tennessee." [Doc. 61 at 10]. Now, however, Bristol Anesthesia argues that because MajestaCare was a regulated MCO in Virginia, Virginia statutory law applies to MajestaCare's behavior, ensuring "certain basic fair business practices required by [its] regulator." [Doc. 154 at 1]. Bristol Anesthesia provides citations to Virginia statutes and cases which provide for the awarding of prejudgment interest and attorneys' fees in certain situations. These statutes, however, cannot aid the Court in making its decision, as Tennessee law is the proper choice of law for these motions.

It is undisputed that in diversity cases, a district court's decision to award attorneys' fees and prejudgment interest is governed by state law. *See AT&T Corp. v. CA Jones Management Group, LLC*, 2015 WL 12532129 at *3 (W.D. Tenn. Oct. 5, 2015) (citing *Eggert v. Meritain Health, Inc.*, 428 Fed. App'x 558, 568 (6th Cir. 2011), and *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 39, 377 (6th Cir. 2007)). It is further undisputed that all arguments raised to and claims decided by the Court throughout its analysis of dispositive motions, trial proceedings, and the final memorandum opinion and order, were pursuant to Tennessee law. MajestaCare was found to have entered into an implied-in-fact contract with Bristol Anesthesia under Tennessee law, and is liable for damages under Tennessee law's *quantum meruit* theory.

In some cases, courts may apply the laws of another state if they are deemed substantive, rather than procedural in nature. *State ex rel. Smith v. Early*, 934 S.W.2d 655, 658 (Tenn. Ct. App. 1996). While Tennessee courts have not definitively spoken on the issue of whether the award of attorneys' fees or prejudgment interest are substantive or procedural in nature, Tennessee law would govern each category in this case. *See Boswell v. RFT-TV the Theater, LLC*, 489 S.W.3d 550, 557 (Tenn. Ct. App. 2016) ("Tennessee appellate courts have not explicitly addressed whether attorney's fees are a substantive or procedural matter for purposes of conflicts of law."). If the award of such remedies is determined to be substantive, or, "that which creates duties, rights, and obligations," it would properly be awarded under Tennessee law, under which an implied-in-fact contract was found, and *quantum meruit* recovery awarded. *Boswell*, 489 S.W.3d at 556. If such award is deemed a matter of procedure, Tennessee law would apply even if another state's laws did govern the substantive issues. *Beach Cmty. Bank v. Labry*, WL 2196174 at *3 n.6 (Tenn. Ct. App. June 15, 2012).

Further, as MajestaCare notes, the parties previously agreed that Tennessee law governs this dispute. Bristol Anesthesia never sought to recover under a third-party liability theory from MajestaCare's contract with DMAS, but now uses that contract, to which it is not a party, to claim that Virginia law applies to its post-judgment claims. This is improper. *Boswell*, 498 S.W.3d at 556 (applying the same substantive law post-judgment that the parties chose while contracting, and agreed during litigation, was the proper choice of law.). For these reasons, Tennessee law continues to guide the Court in determining whether the award of prejudgment interest or attorneys' fees are proper in this matter. Each of Bristol Anesthesia's motions will be discussed in turn below.

### a. Motion to Amend the Judgment to Add Prejudgment Interest

Bristol Anesthesia attempts to argue that because the Virginia contract between MajestaCare and DMAS "governed the operations of the Defendant's health plan," that contract is where the Court should look in determining whether to award prejudgment interest. [Doc. 148]. Bristol, relying on the contractual language in the DMAS contract and Virginia statutory authority, argues:

> [P]rejudgment interest should be awarded from that last date of presentment [of proof of loss], December 16, 2014. The legal rate of interest applicable under the cited law is six (6) percent, Va. Code section 6.2-301(A), and that rate should be applied to the full amount of the judgment, $150,220.43, from December 16, 2014 through the date judgment was entered by the Court, March 30, 2018.

[Doc. 148 at 2-3]. MajestaCare argues that Bristol Anesthesia is not entitled to prejudgment interest because Bristol Anesthesia "never asserted any claim under the Virginia Code" and "never prayed for prejudgment interest as an available remedy." [Doc. 152 at 9].

As discussed above, Tennessee law governs the disposition of the parties' post-judgment motions, as it governed the entirety of the proceedings. Tennessee law allows the Court, in its

discretion, to award prejudgment interest in accordance with the principles of equity. Tenn. Code Ann. § 47-14-123. One purpose of an award of prejudgment interest is to compensate the plaintiff for the lost interest value of money wrongly withheld. *See Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000). "Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award." *E.E.O.C. v. Kentucky State Police Dept.*, 80 F.3d 1086, 1097-98 (6th Cir. 1996) (quoting *Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993)).

> While district courts may fashion an award [of prejudgment interest] in their sound discretion, such an award must consider the case-specific factors such as, but not limited to: the remedial goal to place the plaintiff in the position that he or she would have occupied prior to the wrongdoing; the prevention of unjust enrichment on behalf of the wrongdoer; the lost interest value of money wrongly withheld; and the rate of inflation.

*Schumacher*, 711 F.3d at 687. Prejudgment interest at times may not be appropriate where (1) the plaintiff has been "so inexcusably dilatory" in pursuing a claim considering the loss of the money would be of little weight; (2) the plaintiff has unreasonably delayed the proceedings after suit was filed; or (3) where the plaintiff has already been otherwise compensated for the lost time value of its money. *Scholz v. S.B. Intern, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

First, the Court rejects the defendant's argument that Bristol Anesthesia's lack of prior pleading for prejudgment interest bars its recovery now. The Tennessee Supreme Court held in *Mitchell v. Mitchell* that because the "usual means of compensating for [the loss of the use of funds] is the allowance of interest," "the recovery of prejudgment interest under such circumstances does not require that the plaintiff plead specially." 876 S.W.2d 830, 832 (Tenn. 1994). *See also Story v. Lanier*, 166 S.W.3d 167, 179-182 (Tenn. Ct. App. 2004) (finding that "the trial court erred in ruling that a request for prejudgment interest must be stated in the complaint before it may be awarded."). Because the decision to award prejudgment interest is one of equity,

5

and of which the Court has considerable discretion, the Court will consider whether the award of prejudgment interest to Bristol Anesthesia is proper under the facts of the case.

It is clear that from August 27, 2013 until November of 2014, Bristol Anesthesia received no payment for the services it provided to MajestaCare insureds. [Doc. 144 at 4]. The Court found that MajestaCare wrongfully recouped its overpaid funds, and that such payments after claim readjudication were therefore wrongfully withheld. [*Id.* at 25-26]. The Court further found that Bristol Anesthesia was entitled to *quantum meruit* damages at the DMAS fee schedule rate of $12.84 per unit of anesthesia services billed, which amounted to $34,834.92. [Doc. 146].

Bristol Anesthesia, therefore, was entitled to payments on its services at the DMAS fee schedule beginning in 2013, and continuing through the end of 2014. However, Bristol Anesthesia was not compensated for providing those services, and was therefore denied access to funds to which it was legally entitled. Not only was Bristol Anesthesia wrongfully deprived of payment for services provided, but it continued to expend resources to treat MajestaCare patients, essentially for free, until its closing. The judgment in this case did not enter until March 30, 2018. Therefore, Bristol Anesthesia was deprived of the use of these wrongfully withheld funds for a period of over four years.

It is worth noting that Bristol Anesthesia's motion for prejudgment interest is unimpressive. Its motion not only relies on the wrong state's law, but also does not even attempt to demonstrate how it was injured by the loss of the payments owed after MajestaCare readjudicated the payment of claims. In fact, neither party discussed any of the fairness or equity factors that the Court should consider in making this determination. However, Bristol Anesthesia's failure to artfully request prejudgment interest is not sufficient to render the award of such interest inappropriate. As discussed above, the Court has discretion to award prejudgment interest, even in the absence of

the party pleading specially for such an award. *Mitchell*, 876 S.W.2d at 832. Further, Bristol Anesthesia has not been unreasonably dilatory or caused delay. *See Scholz*, 40 S.W.3d at 83. Therefore, after assessing the case-specific factors outlined by the Sixth Circuit, as well as other factors applicable to this case, the Court finds that an award of prejudgment interest is appropriate, and will now consider what amount is due.

Bristol Anesthesia's request for prejudgment interest on the full value of the judgment, $150,220.43, cannot be entertained. The amount awarded between the dates of July 9, 2012 and August 26, 2013, $115,385.51, was paid almost in full by the defendant at that time.[1] Because this amount was already paid, very nearly in full, to Bristol Anesthesia, it cannot claim that it suffered the loss of use of those funds. Prejudgment interest is designed to compensate the plaintiff for the lost interest value of money wrongly withheld, not to punish the withholding party. *See Rybarczyk*, 235 F.3d at 985; *Ky. State Police Dept.*, 80 F.3d at 1097-98. Allowing an award of prejudgment interest on the $115,385.51 would be compensating Bristol Anesthesia for something it was never without. Therefore, prejudgment interest is properly applied to the amount that was in fact wrongly withheld by MajestaCare: $34,834.92.

Given all of the reasons set out above, and considering the particular circumstances of this case, the Court **FINDS** that the award of prejudgment interest at a rate of 5%, calculated using the compound interest method, is fair to fully compensate Bristol Anesthesia for the loss of the use of the amount wrongfully withheld by MajestaCare. Under the facts of this case, the Court does not find that this amount of prejudgment interest constitutes a windfall for either party.

---

[1] MajestaCare "allowed" $115,385.51 amount for payment, which the Court found was the proper amount owed to Bristol Anesthesia during this time frame. MajestaCare actually paid $114,538.36 of the allowed amount, $847.15 less than the amount it allowed. While the Court has required MajestaCare to remit the additional $847.15 to Bristol Anesthesia, prejudgment interest will not be owed on that figure.

7

An examination of the calculation spreadsheet submitted by the parties indicates that the principal amount wrongfully withheld by MajestaCare amounts to $9,347.52 in 2013, and $25,487.40 in 2014. [Doc. 142-2]. Compounded annually from 2013 until the year of the judgment in 2018, a 5% interest rate to $9,347.52 original principal with subsequent additional principal investment of $25,487.40 in the next year yields a total interest award of $8,075.24, the computation being as follows:

```
2013 - 2014:      $9,347.52(1.05)^5    = $1,1930.07 +
2014 - 2015:      $25,487.40(1.05)^4   = $30,980.09 +
2015 - 2016:      $0(1.05)^3           = $0.00 +
2016 - 2017:      $0(1.05)^2           = $0.00 +
2017 – 2018:      $0(1.05)             = $0.00
                                       = $42,910.16 accumulated

$42,910.16 – ($9,347.52 + $25,487.40)  = $8,075.24 total interest
```

### b. Motion for Attorneys' Fees

Bristol Anesthesia requests that the Court award attorneys' fees in the amount of $118,086.50. [Doc. 149]. Bristol Anesthesia argues that MajestaCare owes attorneys' fees because it violated a number of provisions of the Virginia ethics and fairness in carrier business practices law, which Bristol Anesthesia claims required the payment of "clean claims," the payment of interest owed, and proper notification of claims which would be retroactively denied. [Doc. 149 at 2]. Bristol Anesthesia cites to Va. Code § 38.2-3407.15(E), which states that "in addition to any damages awarded, such provider also may be awarded reasonable attorney's fees." [*Id.* at 3].

MajestaCare argues that Bristol Anesthesia is estopped from arguing such post-judgment motions under Virginia law, stating that Bristol Anesthesia "'prevail[ed] in one phase of a case on an argument' and is now 'relying on a contradictory argument to prevail in another phase.'" [Doc. 152 at 6, quoting *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010)].

MajestaCare further argues that under Tennessee law, Bristol Anesthesia has no claim for attorneys' fees. [*Id.* at 4-7].

Tennessee law follows the "American Rule" when deciding whether to award attorneys' fees. Under this rule, "in the absence of contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation." *See State ex rel. Orr v. Thomas*, 585 S.W.2d 606,607 (Tenn. 1979). The party seeking attorneys' fees "bears the burden of documenting his entitlement to the award." *Regions Bank v. Vannatta*, 2008 WL 4210796 at *3 (E.D. Tenn. Sept. 11, 2008) (quoting *Critzer v. Way*, 2007 WL 614185 at *1 (E.D. Mich. Feb. 26, 2007)).

The only contract between the parties in this case was the implied-in-fact contract found by the Court through continued performance between the dates of July 9, 2012 and August 26, 2013, which is unrelated to the payment of attorneys' fees. Bristol Anesthesia attempts to rely on statutory authority which allows for the payment of attorneys' fees under certain Virginia ethics and fairness laws. However, as discussed above, Virginia law does not apply to this dispute, and it not relevant to the Court's decision now. Bristol Anesthesia does not attempt to demonstrate entitlement to attorneys' fees under Tennessee law, nor does it seek to show that it is entitled to such fees in equity.

In the absence of a contract, a statutory award, or ground of equity, Bristol Anesthesia cannot recover attorneys' fees under Tennessee law. Whether Bristol Anesthesia sought to escape this reality through its use of Virginia law, or simply misjudged the applicable law in determining attorneys' fees, it does not change the result. Bristol Anesthesia can neither point to a valid contract between the parties nor demonstrate applicable statutory authority which would entitle it

to attorneys' fees. Neither has it argued an equitable ground for attorneys' fees. For these reasons, Bristol Anesthesia is not entitled to attorneys' fees, and its motion, [Doc. 149], is **DENIED**.

### III. CONCLUSION

For the reasons stated herein, Bristol Anesthesia's motion to amend the judgment to award prejudgment interest, [Doc. 148], is **GRANTED**, and the amended judgment shall be further amended to add an award of prejudgment interest in favor of Bristol Anesthesia at a rate of 5% per annum, using the compound interest method as described above. A separate, amended judgment shall enter. Bristol Anesthesia's motion for attorneys' fees, [Doc. 149], is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
